(Court of Appeal, Parish of Orleans.)

## INVESTORS REALTY COMPANY, LIMITED vs. MRS. C. B. GONDOLFI, ET AL.

1. A judgment adjudicating to a parent the whole of the property held in common with the minor, for one-half the value thereof as fixed by the experts, conveys no title to the adjudicatee.

2. One cannot be compelled to accept a title which is clearly suggestive of future litigation.

Appeal from the Civil District Court, Division "D."

Stafford & Robinson, for plaintiff and appellant.

Sullivan & Landry, for defendant and appellee.

ST. PAUL, J.—Our esteemed brother of the District Court has very clearly stated the issues and disposed of them in the following opinion, which we adopt as our own, viz:

"This is a suit to compel the acceptance of title to property, and the defense is that the property was improperly adjudicated. In the matter of **Succession of Frank Adolph, No. 79125 C. D. C.** on September 30th, 1908, Mrs. Adolph filed a petition for the adjudication to herself of the community property held in common with her minor children. Experts were appointed to appraise the property, a family meeting was duly convened, and a recommendation made that the property be adjudicated on the valuation as made by the experts. Subsequently on October 13th, 1908, pursuant to the recommenda-

tion of the family meeting, judgment was rendered adjudicating the property to the mother, but the price of adjudication was for one half of the value of the whole as fixed by the experts. Article 243 R. C. C. is in derogation of the general rules regarding the interests of minors and should be strictly construed, **Harty vs. Harty, 8 Martin N. S., 516,** and as construed in the case of **Lyons vs. Woman's League of New Orleans, 124 La., 222,** the **whole** of the property must be adjudicated at a price made by experts appointed by the Court, or else the adjudication is null. It seems to me, therefore, that the judgment in this case, adjudicating the whole for half the value fixed by the experts, conveys nothing."

Apart from the considerations above stated, it is clear that the title herein tendered is very suggestive of future litigation. For the minors Adolph are not parties to this suit, and may on coming of age attempt to set aside the adjudication hereinabove mentioned, which adjudication, to say the very least, is of questioned validity, at any rate until passed upon by the Court of last resort.

May 13th, 1912.

Rehearing refused, May 27th, 1912.

June 20th, 1912, Decree Supreme Court, writ denied.